1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TIEN VAN NGUYEN,                    )
                                    )
        Petitioner,                 )        No. C 05-2496 CRB (PR)
                                    )
    vs.                             )        ORDER DENYING
                                    )        PETITION FOR A WRIT OF
A. P. KANE, Acting Warden,          )        HABEAS CORPUS
                                    )
        Respondent.                 )
_____)

        Petitioner, a state prisoner incarcerated at the Correctional Training

Facility in Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. §

2254 challenging the California Board of Prison Terms' ("BPT") June 14, 2004

decision to deny him parole.

        Per order filed on October 3, 2005, the court found that petitioner's claim

that the BPT's decision finding him not suitable for parole does not comport with

due process appears colorable under § 2254, when liberally construed, and

ordered respondent to show cause why a writ of habeas corpus should not be

granted.  Respondent instead filed a motion to dismiss on the ground that

California inmates do not have a liberty interest in early release on parole that is

protected by federal due process because the Supreme Court of California held in

In re Dannenberg, 34 Cal. 4th 1061 (2005), that the language of California Penal Code section 3041, setting forth California's parole scheme, is not mandatory. Respondent also argued that petitioner did not exhaust his state judicial remedies as to all claims.

Per order filed on September 6, 2006, the court denied respondent's motion on the grounds that the Ninth Circuit had recently rejected respondent's In re Dannenberg argument, and that petitioner's two federal claims were fairly presented to the Supreme Court of California.  The court reinstated its previous order and again ordered respondent to show cause why a writ of habeas corpus should not be granted.  Respondent has now filed an answer to the order to show cause and petitioner has filed a traverse.

## BACKGROUND

On March 11, 1987, petitioner was convicted by an Orange County superior court jury of second degree murder while armed, attempted residential robbery while armed, residential robbery and armed robbery.  He was sentenced to an indeterminate term of 16 years to life in state prison.

Petitioner has been found not suitable for parole each time he has appeared before the BPT.  On June 14, 2004, petitioner appeared before the BPT for a subsequent parole consideration hearing.  The BPT again found him not suitable for parole and denied him a subsequent hearing for two years. Petitioner challenged the BPT's June 14, 2004 decision in the state superior, appellate and supreme courts.  After the Supreme Court of California denied his petition for review on April 13, 2005, the instant federal petition for a writ of habeas corpus followed.

/

/

2

**DISCUSSION**

A.    Standard of Review

        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas

petition by a state prisoner in custody pursuant to a state court judgment, even

when the petitioner is not challenging his underlying state court conviction."

White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004).  Under AEDPA, this

court may entertain a petition for habeas relief on behalf of a California state

inmate "only on the ground that he is in custody in violation of the Constitution

or laws or treaties of the United States." 28 U.S.C. § 2254(a).

        The writ may not be granted unless the state court's adjudication of any

claim on the merits: "(1) resulted in a decision that was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court of the United States; or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." Id. at § 2254(d).

        "Under the 'contrary to' clause, a federal habeas court may grant the writ

if the state court arrives at a conclusion opposite to that reached by [the Supreme]

Court on a question of law or if the state court decides a case differently than

[the] Court has on a set of materially indistinguishable facts." Williams v.

Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,'

a federal habeas court may grant the writ if the state court identifies the correct

governing legal principle from [the] Court's decisions but unreasonably applies

that principle to the facts of the prisoner's case." Id. at 413.

        "[A] federal habeas court may not issue the writ simply because the court

concludes in its independent judgment that the relevant state-court decision

3

1    applied clearly established federal law erroneously or incorrectly.  Rather, that

2    application must also be unreasonable." Id. at 411.  A federal habeas court

3    making the "unreasonable application" inquiry should ask whether the state

4    court's application of clearly established federal law was "objectively

5    unreasonable." Id. at 409.

6         While circuit law may provide persuasive authority in determining

7    whether the state court made an unreasonable application of Supreme Court

8    precedent, the only definitive source of clearly established federal law under 28

9    U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme

10   Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331

11   F.3d 1062, 1069 (9th Cir. 2003).

12   B.    Legal Claims and Analysis

13        Petitioner seeks federal habeas corpus relief from the BPT's June 14, 2004

14   decision finding him not suitable for parole, and denying him a subsequent

15   hearing for two years, on the ground that the decision does not comport with due

16   process.  Petitioner also claims that the application of the "some evidence"

17   standard to parole suitability decisions is an unreasonable application of Supreme

18   Court authority.

19        California's parole scheme provides that the board "shall set a release date

20   unless it determines that the gravity of the current convicted offense or offenses,

21   or the timing and gravity of current or past convicted offense or offenses, is such

22   that consideration of the public safety requires a more lengthy period of

23   incarceration for this individual, and that a parole date, therefore, cannot be fixed

24   at this meeting." Cal. Penal Code § 3041(b).  In making this determination, the

25   board must consider various factors, including the prisoner's social history, past

26   criminal history, and base and other commitment offenses, including behavior

27

28                                          4

1    before, during and after the crime. <u>See</u> Cal. Code Regs. tit. 15, § 2402(b) – (d).

2         California's parole scheme "gives rise to a cognizable liberty interest in

3    release on parole" which cannot be denied without adequate procedural due

4    process protections. <u>Sass v. California Bd. of Prison Terms</u>, 461 F.3d 1123, 1128

5    (9th Cir. 2006); <u>McQuillion v. Duncan</u>, 306 F.3d 895, 902 (9th Cir. 2002). It

6    matters not that, as is the case here, a parole release date has never been set for

7    the inmate because "[t]he liberty interest is created, not upon the grant of a parole

8    date, but upon the incarceration of the inmate." <u>Biggs v. Terhune</u>, 334 F.3d 910,

9    914-15 (9th Cir. 2003).

10        Petitioner's due process rights require that "some evidence" support the

11   parole board's decision finding him unsuitable for parole. <u>Sass</u>, 461 F.3d at 1125

12   (holding that the "some evidence" standard for disciplinary hearings outlined in

13   <u>Superintendent v. Hill</u>, 472 U.S. 445, 454-55 (1985), applies to parole decisions

14   in § 2254 habeas petition); <u>Biggs</u>, 334 F.3d at 915 (same); <u>McQuillion</u>, 306 F.2d

15   at 904 (same). This "some evidence" standard is minimally stringent and ensures

16   that "the record is not so devoid of evidence that the findings of [the BPT] were

17   without support or otherwise arbitrary." <u>Hill</u>, 472 U.S. at 457. Determining

18   whether this requirement is satisfied "does not require examination of the entire

19   record, independent assessment of the credibility of witnesses, or weighing of the

20   evidence." <u>Id.</u> at 455-56 (quoted in <u>Sass</u>, 461 F.3d at 1128).

21        Due process also requires that the evidence underlying the parole board's

22   decision have some indicia of reliability. <u>Biggs</u>, 334 F.3d at 915; <u>McQuillion</u>,

23   306 F.3d at 904. Relevant in this inquiry "is whether the prisoner was afforded

24   an opportunity to appear before, and present evidence to, the board." <u>Morales v.</u>

25   <u>California Dep't of Corrections</u>, 16 F.3d 1001, 1005 (9th Cir. 1994), <u>rev'd on</u>

26   <u>other grounds</u>, 514 U.S. 499 (1995). In sum, if the parole board's determination

27

28                                    5

1   of parole unsuitability is to satisfy due process, there must be some evidence,

2   with some indicia of reliability, to support the decision. Rosas v. Nielsen, 428

3   F.3d 1229, 1232 (9th Cir. 2005).

4        The record shows that the BPT panel afforded petitioner and his counsel

5   an opportunity to speak and present their case at the hearing, gave them time to

6   review petitioner's central file, allowed them to present relevant documents and

7   provided them with a reasoned decision in denying parole.

8        The panel concluded that petitioner was "not suitable for parole and would

9   pose an unreasonable risk of danger to society or a threat to public safety if

10   released from prison." June 14, 2004 Hr'g Tr. at 46 (Resp't Ex. 2).  The panel

11   explained that it found that the crime was carried out "in an especially cruel and

12   callous manner" demonstrating "an exceptionally callous disregard for another

13   human being" and that the "motive for the crime was inexplicable, trivial in

14   relationship to the offense."  Id.  Petitioner and four other young men forced a

15   young woman into her residence at gunpoint and herded all the family into the

16   living room.  Petitioner's crime partner went upstairs searching for additional

17   family members and encountered the mother of the family praying in her

18   bedroom.  He shot and killed her.  Petitioner and the other young men then fled

19   the house.

20        The panel found that petitioner had an escalating pattern of criminal

21   conduct, including petty theft, burglary, false identification to a peace officer and

22   vehicle theft, id. at 18, 47; had failed to profit from society's previous attempts to

23   correct his criminality, including probation and juvenile hall, id. at 47; and had

24   inadequate parole plans, id. at 47-48.  It also found that petitioner's most recent

25   psychological evaluation was not totally supportive because it estimated that, if

26   released, petitioner's  violence potential would be "slightly higher" than that of

27

28                                              6

1    the average citizen. Id. at 47. The panel did commend petitioner for getting his

2    GED and vocational training, and staying disciplinary-free; however, it

3    concluded that these "positive aspects of his behavior do[] not outweigh the

4    factors of unsuitability." Id. at 48.

5        The state superior court upheld the decision of the BPT and the state

6    appellate and supreme courts summarily affirmed. The superior court reviewed

7    the evidence relied on by the panel – including the commitment offense,

8    petitioner's pre-commitment criminal conduct and failure to profit from prior

9    grants of probation and time in juvenile hall, and a less than totally supportive

10   psychological evaluation  – and concluded that "the Board's determination

11   deeming petitioner unsuitable for parole is supported by some evidence in the

12   record." In re Tien Van Nguyen, No. M-10344, slip op. at 2 (Cal. Super. Ct.

13   Nov. 24, 2004) (Resp't Ex. 10). The court acknowledged that petitioner's lack of

14   personal involvement in the murder may arguably take his offense outside of the

15   category of murders deemed heinous or egregious, but concluded that this

16   mattered not because the panel "did not exclusively rely on such in deeming

17   petitioner unsuitable for parole." Id. at 3.

18       The state court's rejection of petitioner's due process claim was not

19   contrary to, or an unreasonable application of, the Hill standard, or was based on

20   an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The BPT's

21   June 14, 2004 decision to deny petitioner parole is supported by some evidence in

22   the record and that evidence bears some indicia of reliability. See, e.g., Rosas,

23   428 F.3d at 1232-33 (upholding denial of parole based on gravity of offense and

24   psychiatric reports); Biggs, 334 F.3d at 916 (upholding denial of parole based

25   solely on gravity of offense and conduct prior to imprisonment); Morales, 16

26   F.3d at 1005 (upholding denial of parole based on criminal history, cruel nature

27

28                                          7

1    of offense, and need for further psychiatric treatment).  The inquiry under <u>Hill</u> is

2    simply "whether there is <u>any</u> evidence in the record that could support the

3    conclusion reached by the [BPT]." <u>Hill</u>, 474 U.S. at 455-56 (emphasis added).

4    There is – the facts surrounding the crime reasonably suggest that it was carried

5    out in a cruel and callous fashion because it involved multiple victims and there

6    appeared to be little motive; petitioner has a pre-commitment record of escalating

7    criminal activity and failure benefit from prior attempts to rehabilitate him;

8    petitioner did not have firm parole plans if deported to Vietnam; and petitioner's

9    psychological evaluation was not totally supportive of parole, finding his

10    violence potential to be slightly higher than that of the average citizen in the

11    community.  <u>Cf.</u> Cal. Code Regs. tit. 15, § 2402(c) & (d) (listing circumstances

12    tending to show unsuitability for parole and circumstances tending to show

13    suitability).  It is not up to this court to "reweigh the evidence." <u>Powell v.</u>

14    <u>Gomez</u>, 33 F.3d 39, 42 (9th Cir. 1994).

15        Petitioner claims that the application of the "some evidence" standard to

16    parole suitability decisions is an unreasonable application of Supreme Court

17    authority.   Not so.  The Ninth Circuit has made clear that the "some evidence"

18    standard identified by the Supreme Court in <u>Hill</u> is clearly established federal law

19    in the parole context. <u>See</u> <u>Irons v. Carey</u>, No. 05-15275, 2007 WL 2027359, at

20    *3 (9th Cir. July 13, 2007); <u>Sass</u>, 461 F.3d at 1128-29.  No Ninth Circuit

21    precedent, much less Supreme Court precedent, even suggest a more stringent

22    standard in the parole suitability context.  <u>Accord</u> <u>Nikooseresht v. Curry</u>, No. C

23    06-4357 MHP (PR), 2007 WL 2088558, at *8 (N.D. Cal. July 18, 2007)

24    (rejecting petitioner's claim that the state must prove his unsuitability for parole

25    by a preponderance of the evidence).

26    /

27

28                                   8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the reasons set forth above, the petition for a writ of habeas corpus is

DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED: 10/29/07

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.05\Nguyen1.denial.wpd

9